FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 31 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ␣␣␣ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY YOUNG, | Case No. CV 11-06890 R (AN) |
| Petitioner, | ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |
| v. | |
| P. GUITTERREZ, WARDEN, | |
| Respondent. | |

**I. Background**

On August 22, 2011, Terry Young ("Petitioner"), a federal prisoner proceeding in *pro se*, filed his pending petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("§ 2241"). Petitioner's allegations and attached exhibits establish he is currently incarcerated at the federal prison located in Adelanto, California. The Petition reflects Petitioner's current federal custody is based upon a 1998 drug conviction and related prison sentence of life (on counts 1 and 2 of a first superseding indictment) and a 240 month concurrent sentence (on count 14) that was imposed against him after a jury trial in the United States District Court for the Northern District of Illinois ("Sentencing Court") in case no. CV 08-01999. (Pet. 3.) Petitioner alleges, on August 29, 2002, the United States Court of Appeals for the Seventh Circuit affirmed his conviction but vacated his sentences on counts 1 and 2 and remanded the case to the Sentencing Court. (Pet. 3.) Following remand, on August 3, 2005, the Sentencing Court resentenced Petitioner to an

1 uninterrupted term of life on count 1, a 20 year term for count 2, and a 240 month term for
2 count 14, all counts to run concurrently. (Pet. 3.) On April 4, 2008, Petitioner alleges he
3 filed a 28 U.S.C. § 2255 motion to vacate or set aside his sentence with the Sentencing
4 Court, which the Sentencing Court denied on October 22, 2009. (Pet. 3.) The Sentencing
5 Court also denied Petitioner's request for a certificate of appealability. (Pet. 3).

In the instant Petition, Petitioner raises a sentencing error claim where he alleges the Sentencing Court imposed an erroneous sentence as to counts 1 and 2, and due to the Sentencing Court's "erroneous re-imposition of life for count 1, petitioner is unable to earn good-time credits for satisfied behavior, under 18 U.S.C. § 3624(b)." (Pet. 5.)

## II. Discussion

### A. Standard of Review

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam; citations and quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Local Rule 72-3.2 of this Court further provides that "if it plainly appears from the face of the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

### B. Analysis

In order to determine whether it has jurisdiction over a habeas petition brought by a federal prisoner, a district court must first determine whether the habeas petition is properly brought pursuant to § 2241 or § 2255. *Hernandez*, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens*

*v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), *cert. denied*, 549 U.S. 1313, 127 S. Ct. 1896 (2007); *Harrison v. Ollison*, 519 F.3d 952, 955-56 (9th Cir.), *cert. denied*, --- U.S. ----, 129 S. Ct. 254 (2008). In contrast, a § 2241 habeas petition is the proper mechanism for a federal prisoner seeking to challenge the manner, location or conditions of the execution of his sentence. *Hernandez*, 204 F.3d at 864. The distinction between a § 2255 motion and a § 2241 petition affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. *Id.* at 865. A motion to vacate a sentence pursuant to § 2255 must be heard by the sentencing court while habeas corpus petitions under § 2241 may be heard in the district court for the judicial district where the federal prisoner is confined. *Id.*

However, § 2255 has an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Harrison*, 519 F.3d at 956; *Stephens*, 464 F.3d at 897. The petitioner has the burden of demonstrating § 2255 is "inadequate or ineffective." *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Further, the "inadequate or ineffective" exception is very "narrow" and limited to situations where, unlike here, the petitioner has established that he: "(1) [is] factually innocent of the crime for which he has been convicted; and, (2) [he] has never had an 'unobstructed procedural shot' at presenting this claim." *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). Moreover, "the general rule. . .is that the ban on unauthorized second or successive petitions does not *per se* make a § 2255 'inadequate or ineffective.'" *Stephens*, 464 F.3d at 898 (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255)); *see also Ivy*, 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition ...." (citation omitted)).

The allegations and attached exhibits of the Petition do not explain how § 2255's savings clause assists or applies to Petitioner. Further, the sentencing error claim raised

1 | in the Petition is clearly in the nature of an attack on the legality of the life sentence which
2 | the Sentencing Court imposed pursuant to count 1. Accordingly, the Court finds the
3 | Petition cannot properly be construed as a § 2241 petition because Petitioner is not using
4 | his petition to challenge the execution of his sentence. *Hernandez*, 204 F.3d at 864.
5 | Instead, the Petition is properly construed as a successive § 2255 motion that must be
6 | presented to the Sentencing Court because the claims challenge the legality of his
7 | detention. *Stephens*, 464 F.3d at 897. Further, a federal prisoner seeking to file a second
8 | or successive § 2255 motion in the sentencing court must first apply for and obtain
9 | permission to do so from the appropriate circuit court, in this case, the Ninth Circuit. 28
10 | U.S.C. §§ 2244(b)(3); 2255(h). In this regard, the Court finds it cannot simply transfer the
11 | petition to the Sentencing Court because Petitioner has not alleged or shown that the
12 | Seventh Circuit has authorized him to file a second or successive § 2255 motion with the
13 | Sentencing Court.
14 |     Consequently, this Court finds it must dismiss the Petition because it lacks
15 | jurisdiction to consider it.
16 | ///
17 | ///
18 | ///

### III. Conclusion

For the reasons stated above, the Petition is construed as a second or successive § 2255 motion which this Court lacks jurisdiction to consider and must be presented to the Sentencing Court after Petitioner obtains approval from the Seventh Circuit. So construed, the reference to the Magistrate Judge is vacated and the Petition is dismissed. The Clerk is directed to enter judgment dismissing the Petition and to notify the Petitioner.

IT IS SO ORDERED.

DATED: August 31, 2011

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge